IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, successor in interest to Texas State Bank | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION H:11--964 |
| vs. | § § | |
| SUNBELT MULTIMEDIA CO., *ET AL.,* *Defendants*. | § § | |

### ORDER GRANTING RECEIVER'S AND PLAINTIFF'S JOINT MOTION TO APPROVE PROCEDURES FOR SALE OF THE TELEVISION STATION ASSETS AND NOTICE TO INTERESTED PARTIES

On this day, the Court considered the Joint Motion to Approve the Procedures for Sale of the Television Station Assets and Notice to Interested Parties filed by Court-Appointed Receiver, W. Lawrence Patrick ("Patrick") and Plaintiff Compass Bank, successor in interest to Texas State Bank ("Plaintiff"). Having considered the Joint Motion, the applicable law, the Court's equitable powers, and the Court's prior orders, including the Order appointing Patrick (Dkt. No. 50), the Court FINDS that the Joint Motion should be and is hereby GRANTED.

The Court FINDS good cause to establish procedures for the sale of the KTLM station-related assets pursuant to 28 U.S.C. §§ 2004 and 2001 and the Court's equitable powers.

The Court FINDS that the substantial majority of the value of the KTLM station-related assets are intangible property rights, including a Federal Communications Commission television broadcast license, a major network broadcasting agreement with the Telemundo network, and contract rights.

The Court FINDS that the value of the real property to be sold with the KTLM station-related assets is, based on publicly available information, less than $41,000, while the value of intangible property rights exceeds at least twenty times that amount.

9377469v.1

The Court CONCLUDES that the sale of the KTLM station-related assets should be treated as a sale of personal property.

The Court FINDS that Patrick has engaged in a nationwide marketing effort and has negotiated with various potential purchasers of the KTLM station-related assets.

The Court FINDS that the KTLM station-related assets are highly specialized assets, that an appraisal of such assets would be difficult or impracticable, and that the sales price Patrick has secured following his nationwide marketing effort reasonably represents the value that the market will pay for the KTLM station-related assets.

The Court CONCLUDES and ORDERS that no appraisal of the KTLM station-related assets should be required prior to a sale confirmation hearing and that portion of 28 U.S.C. § 2001 is waived with respect to all real and personal property to be sold.

The Court ORDERS that a hearing to confirm the sale of the KTLM station-related assets will be conducted in this Court on September 11, 2013 at 2:00 p.m. in Courtroom 9-D, 515 Rusk, Houston, Texas.

The Court ORDERS that, at least ten days prior to the hearing, Plaintiff and Patrick shall serve notice of the hearing to confirm the sale of the KTLM station-related assets on all parties and all known creditors of all Defendants except those creditors of debts arising in the ordinary course of business during the receivership which shall be paid in full.

The Court ORDERS that, at least ten days prior to the hearing, Plaintiff and Patrick will publish notice of the hearing in the McAllen Monitor and in the Starr County Town Crier. The published notice must state:

- On September 11, 2013 at 2:00 p.m., the United States District Court for the Southern District of Texas, Judge Gray H. Miller, presiding, will conduct a hearing to confirm the sale of personal and real property associated with the operation of the KTLM television station (the "KTLM Station Assets"). The hearing will be conducted at the United States Courthouse, 515 Rusk Avenue, Courtroom 9-D, Houston, Texas 77002.

- Telemundo Rio Grande Valley, LLC ("Telemundo RGV") has executed an agreement with the Court-Appoint Receiver, W. Lawrence Patrick, to purchase the KTLM Station Assets for $8,500,000.00. A copy purchase agreement is available by contacting Patrick at larry@patcomm.com.

- At the time of the hearing, any person who wishes to bid for the KTLM Station Assets may do so, provided however, that the bidder: (1) agree to all of the terms in the Telemundo RGV purchase agreement and not require any additional contingencies, such as financing; (2) prove its immediate ability to fund the purchase; and (3) prove that it is as likely to receive FCC approval for transfer of the KTLM television broadcast license as Telemundo RGV (i.e. no need to form a new entity, no factors that preclude it from obtaining a license, a proven track record of an affiliate successfully operating a television station such that the bidder is as likely or more likely than Telemundo RGV to obtain transfer approval). If a bidder satisfies these requirements, the Court will consider them a bona fide offeror pursuant to 28 U.S.C. § 2001 and consider their bid.

The Court FINDS AND CONCLUDES that the conditions and requirements set forth in the preceding paragraph are reasonable, consistent with equity and the best interests of the parties and the property subject to the receivership, will enable Patrick to discharge his duties as receiver, will reasonably preserve and protect the receivership assets, and that such requirements may be reasonably imposed pursuant to 28 U.S.C. §§ 2004 and 2001.

It is SO ORDERED.

Signed at Houston, Texas on July 23, 2013.

_____
Gray H. Miller
United States District Judge

9377469v.1